**CV 12 4866**

**KORMAN, J.**

**LEVY, M.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

DAVID VENTURA,

                Plaintiff,

      -against-

Police Officer CHRISTOPE TEHAN, Shield No. 29544; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff David Ventura ("plaintiff" or "Mr. Ventura") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Christope Tehan, Shield No. 29544 ("Tehan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tehan is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 8:55 p.m. on October 23, 2010, plaintiff was violently attacked by defendant officers in the vicinity of Bedford Avenue and Empire

Boulevard in Brooklyn, New York.

12. Defendant officers assaulted and battered plaintiff.

13. Plaintiff was thrown to the ground, handcuffed and punched with a closed fist in his face.

14. Defendants continued to strike and kick plaintiff while he was on the ground and handcuffed.

15. Plaintiff was taken to the 71st Precinct.

16. Plaintiff asked for medical treatment as a result of the injuries he sustained from the beating, but was denied treatment by defendants.

17. Plaintiff was taken to Brooklyn Central Booking.

18. Plaintiff vomited while at Central Booking as a result of the beating.

19. After spending approximately 24 hours in custody plaintiff was released and went to SUNY Downstate Medical Center for treatment to his injuries.

20. Plaintiff was diagnosed with a broken bone near his jaw, a concussion and lacerations as a result of the beating by defendants.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unreasonable Force

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Deliberate Indifference to Medical Needs

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. The individual defendants were aware of plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

27. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

## THIRD CLAIM
### Failure To Intervene

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

30. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   September 28, 2012
             New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflegal.com

*Attorney for plaintiff*